# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MILES HORTON,

    Petitioner,

v.

JUDGE DAVID TYACK, et al.,

    Respondents.

CASE NO. 2:15-CV-2999

JUDGE MICHAEL H. WATSON
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On February 12, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the *instant* petition for a writ of habeas corpus under 28 U.S.C. § 2254 be denied and that this action be dismissed. ECF No. 19. Petitioner objects to the R&R and seeks a hearing on his objections. ECF No. 24. Pursuant to 28 U.S.C. § 636(B), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objections are **OVERRULED**. The R&R is **ADOPTED** and **AFFIRMED**. The Court **DENIES** Petitioner's request for a hearing. This action is hereby **DISMISSED**.

The Court further **DECLINES** to issue a certificate of appealability ("COA").

Petitioner challenges his October 15, 2013, conviction after a jury trial in the Municipal Court of Franklin County, Ohio, for operating a vehicle under the influence ("OVI") per se in violation of Columbus City Code 2133.01(A)(1)(D). Petitioner contends that his rights to due process, to present a complete defense, and to confront witnesses were violated when the trial court prohibited him from

cross-examining Columbus Police Officer William Scott about the potential impact that an elevated temperature and a cell phone may have had on Petitioner's breathalyzer test. Petitioner further contends that the trial court prohibited that cross–examination because it misapplied the holding of *State v. Vega*, 12 Ohio St.3d 185, 186 (Ohio 1984), in which the Ohio Supreme Court held that although a defendant may challenge the qualifications of a breath test administrator or the accuracy of a specific breath test, a defendant may not challenge the general accuracy of breath–testing procedures that comply with methods approved by the Ohio Director of Health. Petitioner asserts that the trial court erroneously concluded that *Vega* and its progeny prohibited Petitioner from asking basic questions about how the breath–test machine worked or about factors that might impact tests results in a given case. Petitioner further asserts that the trial court's misapplication of *Vega* violated his federal Constitutional rights. In his prayer for relief, he seeks a new trial and asks this Court to find that the Ohio Supreme Court's decision in *Vega* is unconstitutional.

As the Magistrate Judge correctly explained, however, the state appellate court did not rely on *Vega* when it upheld the trial court's decision to limit the cross–examination of Officer Scott. Instead, the state appellate court concluded that the proffered cross–examination testimony was properly excluded because it lacked an adequate evidentiary foundation. Specifically, the state appellate court stated that "[r]egardless of whether [Petitioner's] proffered questions address the

general reliability of the machine [used in Petitioner's breath test] or the specific testing procedure utilized, the trial court did not abuse its discretion by refusing to allow the questions because [Petitioner] did not lay the proper foundation for such questions." *Columbus v. Horton*, No. 13AP–966, 2014 WL 5306839, at *5–7 (Ohio Ct. App. Oct. 16, 2014). The Magistrate Judge determined that the state court record supported that conclusion. The Magistrate Judge also explained that placing limits on cross–examination testimony that lacks an adequate foundation does not violate the Confrontation Clause. The Magistrate Judge concluded that even if the limits placed on Officer Scott's cross–examination had been improper, they amounted to harmless error given that Petitioner was otherwise permitted to extensively cross–examine Office Scott about the accuracy of Petitioner's breath test.

Petitioner raises several interrelated objections. First, Petitioner objects because the Magistrate Judge reviewed the state appellate court's determination that the proffered cross–examination testimony lacked a foundation instead of reviewing the state trial court's alleged misapplication of *Vega*. Petitioner contends that the state waived an objection to lack of foundation by failing to raise it in the trial court. ECF No. 24, at PAGEID # 867. Petitioner further contends that by examining the state appellate court's decision instead of the state trial court's actions, the Magistrate Judge "ignores the actual issue." *Id.*

These objections are without merit. Petitioner is correct that Ohio's contemporaneous objection rule requires a party to raise objections at the time that allegedly inadmissible evidence is attempted to be introduced. *State v. Murphy*, 91 Ohio St. 3d 516, 532 (Ohio 2001). This Court, cannot, however, second guess state–law–determinations of state law, especially determinations about the inadmissibility of evidence under state evidentiary rules and procedures. *Estelle v. McGuire*, U.S. 62, 67–68, (1991). As the Magistrate Judge explained . . . "[h]abeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir. 1994); *Giles v. Schotten*, 449 F.3d 698, 704 (6th Cir. 2006). As the Magistrate Judge also explained, a state evidentiary ruling violates due process only when it is "so egregious that it results in a denial of fundamental fairness." *See Giles,* 449 F3d at 704. Petitioner points to no authority from the United States Supreme Court, however, clearly establishing that a defendant's due process rights are violated when a state appellate court upholds a state trial court's evidentiary determination on different grounds.

Petitioner's also objects to the Magistrate Judge's conclusion that the state appellate court's determination was supported by the record. This objection is also without merit. The state appellate court determined that the testimony about the impact of an elevated temperature on the breath test results lacked a proper evidentiary foundation. *Horton*, 2014 WL 5306839, at *6. The Magistrate Judge

correctly summarized record evidence supporting that conclusion. Although Officer Scott knew that temperature was "important," and could impact breath test results, ECF No. 8-2, PAGEID ## 465–466; he was not an expert, *id.*, at PAGEID # 477; and he did not know how much a temperature over a "certain level" would impact test results. *id.*, at PAGEID ## 465–66. Officer Scott also testified that Petitioner indicated that he had the flu or a cold, and that a flu could have raised Petitioner's temperature, however, he did not testify that Petitioner had an elevated temperature. *Id.*, at PAGEID ## 502, 511. Most notably, the Magistrate Judge correctly concluded that the record contains no evidence that Petitioner had an elevated temperature when his breath test was administered.

Similarly, the state appellate court found that Officer Scott's testimony about the location of the cell phone was unclear, and, therefore, questions about its impact on Petitioner's breath test lacked a proper foundation. *Horton*, 2014 WL 5306839, at *6. The Magistrate Judge correctly summarized record evidence supporting that conclusion as well— Officer Scott testified that Petitioner's cell phone was on a table in the "breath room," but he did not describe where the cell phone was relative to the breath–testing machine or if its emission of radio frequency waves could impact a breath test from the table's distance. ECF No. 8-2, PAGEID # 515–16. Officer Scott also affirmatively testified that he is "very clear to make sure there are no radio signals" when administering breath tests.

*Id.* The Magistrate Judge accurately found that the record supported the state appellate court.

Petitioner also objects to the Magistrate Judge's conclusion that he was not completely precluded from cross-examining Officer Scott about the accuracy of his breath test. This objection is not well taken. The record reveals that Petitioner was permitted to cross-examine Officer Scott about the following:

- Officer Scott's background in test administration (*Id.*, at PAGE ID # 378–79);

- Officer Scott's training to administer breath tests (*id.*, at PAGE ID ## 379, 463–66);

- Whether Petitioner blew 210 liters of breath into the machine (*id.*, at PAGE ID # 380–81);

- Whether Officer Scott complied with a requirement mandating a 20-minute observation period (*id.*, at PAGE ID ## 469–471, 473–74);

- Sources of possible test contamination (*id.*, at PAGE ID # 472–73);

- That Officer Scott was not an expert in breath testing (*id.*, at PAGE ID # 477);

- That Officer Scott did not use, nor was he trained to use Toxitrap (*id.*, at PAGE ID # 478–79);

- That Officer Scott did not run, nor was he trained to run self-diagnostic tests on the machine (*id.*, at PAGE ID # 477–78);

- That Officer Scott did not know how old the breath test machine was, or how old the test technology was (*id.*, at PAGE ID # 480);

- That Officer Scott could have, but did not perform more than one breath test on Petitioner (*id.*, at PAGE ID # 481–82).

All of these topics, covered while the jury was present, relate to the accuracy of Petitioner's breath test.

The authorities that Petitioner cites for the proposition that he was completely precluded from cross-examining Officer Scott are unavailing. In *Melendez-Diaz v. Massachusetts*, the Supreme Court found that the Confrontation Clause was violated when affidavits from forensic analysts were admitted as evidence but the analysts did not testify. 557 U.S. 305, 308-09, 311 (2009). The Supreme Court explained that the authors of the affidavits were subject to confrontation and their affidavits could not be admitted unless the state demonstrated that they were unavailable to testify at trial and that the defendant had a prior opportunity to cross-examine them. *Id.* at 311. In *Bullcoming v. New Mexico*, the Supreme Court explained that the Confrontation Clause does not permit a forensic analyst who did not perform or observe testing or certify test results in a laboratory report to testify as a surrogate for the analyst who did. 564 U.S. 647, 657–58 (2011). In this case, however, Officer Scott administered the breath test, ECF 8–2, at PAGE ID ## 340–341, 371–72, and he testified at Petitioner's trial where he was cross-examined about the accuracy of the test results in all the ways described above. *Melendez-Diaz* and *Bullcoming* are thus readily distinguishable.

Petitioner also objects to the Magistrate Judge's mischaracterization of the rights that he raises. Specifically, Petitioner objects to a footnote in the R&R indicating that although Petitioner alleges that he was denied the right to present a complete defense, he does not claim that he was prevented from calling

witnesses in violation of the Compulsory Process Clause. This does not mischaracterize the rights that Petitioner raises. Instead, it correctly identifies a right that Petitioner does not raise. The Magistrate Judge did not err by making that clarifying observation.

For these reasons, Petitioner's objections, ECF No. 24, are **OVERRULED**. The R&R, ECF No. 19, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**. Likewise, Petitioner's request for a hearing on his objections is **DENIED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a COA. A state prisoner who seeks a writ of habeas corpus in federal court does not have an automatic right to appeal a district court's adverse decision unless the court issues a COA. 28 U.S.C. § 2253(c). When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural

grounds, a certificate of appealability may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court **DECLINES** to issue a COA. The Court is not persuaded that reasonable jurists could debate whether Petitioner's rights to due process, to present a complete defense, and to confront witnesses were violated.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

/s/ Michael H. Watson

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**